# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**SEBASTIAN ECCLESTON,**

    **Petitioner/Defendant,**

v.                                          **No. CV 08-1079 LH/LAM**
                                                  **CR-95-014 LH**

**UNITED STATES OF AMERICA,**

    **Respondent/Plaintiff.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court for initial consideration of Petitioner/Defendant Sebastian Eccleston's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (*CV Doc. 4; CR Doc. 126*), filed under 28 U.S.C. § 2255 on November 17, 2008. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Mr. Eccleston has previously filed two such motions in his federal criminal proceeding (*CR Docs. 93, 100*) (civil cases No. CV 01-0500 LH/WWD, No. CV 04-0250 LH/CEG). The Court dismissed the first motion as untimely filed and transferred the second to the United States Court of Appeals for the Tenth Circuit as a second or successive motion. The Court of Appeals construed the second motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241, (No. CV 04-0250 LH/CEG, *Doc. 10*) which does not require prior authorization from the Court of Appeals; *see Eccleston v. United States*, No. 04-2107, slip ord. (10th Cir. Oct. 17, 2005), and ultimately remanded the matter, instructing this Court to dismiss the petition with prejudice, (No. CV 04-0250 LH/CEG, *Doc. 45*); *see United States v. Eccleston*, 521 F.3d 1249, 1255 (10th Cir. 2008), *cert. denied*, *Eccleston v. United States*, No. 08-6163, 2008 WL 4107223 (U.S. Oct. 14, 2008). Under these and

subsequent Tenth Circuit rulings, the Court will dismiss Mr. Eccleston's current § 2255 motion.

According to the terms of § 2255(h), before a defendant may file or prosecute a second or successive motion, an order authorizing the filing must be issued by the appropriate court of appeals. The instant § 2255 motion is not Mr. Eccleston's first and is not accompanied by an authorizing order. In this circumstance, the Court must determine whether it is in the interest of justice to transfer the petition to the Court of Appeals or dismiss it without prejudice for lack of jurisdiction. *See In re: Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); 28 U.S.C. § 1631; *see also Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006) (delineating factors for determining transfer or dismissal). The Court may properly dismiss the motion unless the claims would be time-barred if filed anew, or if the claims lack merit or are not filed in good faith. *See Cline*, 531 F.3d at 1251.

Mr. Eccleston asserts three grounds for relief in the instant § 2255 motion: unlawfully induced and involuntary plea, ineffective assistance of counsel, and denial of the right to appeal (*CV Doc. 4; CR Doc. 126*). The Court has already determined that Mr. Eccleston's original § 2255 claims are time-barred (*CR Doc. 96*; No. CV 01-0500 LH/WWD, *Doc. 4*), and his current claims do not assert newly discovered evidence or a new, retroactive rule of constitutional law, *see* § 2255(h)(1), (2). It is therefore unlikely that the Tenth Circuit would grant permission to file this successive petition. As that court stated in reviewing Mr. Eccleston's prior petition, "[a] challenge to the propriety of the federal conviction or sentence itself-such as whether Mr. Eccleston was misled when he pleaded guilty or whether the sentence violated the plea bargain-must proceed under § 2255 . . . and could have been brought promptly after sentencing." *Eccleston*, 521 F.3d at 1253 (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997)). It appears that "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer," *see Cline*,

531 F.3d at 1252, and, therefore, Mr. Eccleston's § 2255 motion will be dismissed.

**IT IS THEREFORE ORDERED** that Petitioner/Defendant Sebastian Eccleston's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (*CV Doc. 4; CR Doc. 126*), filed under 28 U.S.C. § 2255 on November 17, 2008, is **DISMISSED without prejudice** for lack of jurisdiction; and all other pending motions are **DENIED as moot**;

**IT IS FURTHER ORDERED** that, in accordance with Rule 58(a) of the Federal Rules of Civil Procedure, *see United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**