# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                  No. 16-CV-00414-LH-WPL
                                            No. 95-CR-00014-LH

SEBASTIAN L. ECCLESTON,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings For the United States District Courts, on Defendant Sebastian L. Eccleston's Emergency Motion To Correct Sentence and Vacatur of Second 924(c) § 2255(f)(3) [CV Doc. 4; CR Doc. 252], which the Court liberally will construe as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.[1]  For the following reasons, the Court will dismiss Defendant's motion without prejudice for lack of jurisdiction.

---

[1] Defendant seeks to invalidate his federal sentence and "28 U.S.C. § 2255 is the exclusive remedy for a federal prisoner attacking the legality of his detention." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).  Ordinarily, when a district court recharacterizes a pro se pleading as motion for relief under 28 U.S.C. § 2255, it must give the petitioner an opportunity to withdraw or amend his motion.  *See Castro v. United States*, 540 U.S. 375, 383 (2003).  However, "the reason for this restriction on recharacterization does not apply where . . . the petitioner previously filed a § 2255 petition."  *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).  "If the prisoner has filed once, any future motion will be subject to the same constraints whether it is a second § 2255 motion or a third."  *Id.*

Defendant pled guilty to carjacking in violation of 18 U.S.C. § 2119(1), using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), interference with commerce by threat or violence against the victim in violation of 18 U.S.C. § 1951(a), and carrying a sawed-off shotgun in relation to interference with commerce in violation of 18 U.S.C. 924(c). [CR Docs. 34, 88]  Defendant was sentenced to 417 months of imprisonment. [CR Doc. 88]  The Court entered judgment on Defendant's conviction and sentence on November 12, 1996. [CR Doc. 88]  The Tenth Circuit Court of Appeals affirmed Defendant's conviction and sentence on December 17, 1997. [CR Doc. 92]  *See United States v. Eccleston*, 132 F.3d 43 (10th Cir. 1997) (unpublished).

On May 4, 2001, Defendant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. [CR Doc. 93; *see Eccleston v. United States of America*, 01-CV-00500-LH-WD, Doc. 1 (D.N.M. May 4, 2001).  Defendant's motion was dismissed with prejudice because it was barred by the one-year statute of limitation in § 2255. [CR Doc. 96]

Since that time, Defendant has filed five petitions in the Tenth Circuit Court of Appeals seeking permission to file second or successive § 2255 motions.  *See In re Eccleston*, No. 09-2022 (10th Cir. January 23, 2009) (unpublished); *In Re Eccleston*, No. 10-2231 (10th Cir. October 26, 2010) (unpublished)*; In re: Sebastian L. Eccleston*, No. 10-2256 (10th Cir. November 30, 2010) (unpublished); *In re: Eccleston*, No. 11-2215 (10th Cir. November 1, 2011) (unpublished); *In re Eccleston*, No. 14-2092 (10th Cir. June 5, 2014) (unpublished).  All five of Defendant's motions were denied.  *See In re Eccleston*, No. 09-2022 (10th Cir. March 10, 2009) (unpublished); *In Re Eccleston*, No. 10-2231 (10th Cir. November 2, 2010) (unpublished); *In re: Sebastian L. Eccleston*, No. 10-2256 (10th Cir. December 13, 2010) (unpublished); *In re:*

*Eccleston*, No. 11-2215 (10th Cir. December 5, 2011) (unpublished); *In re Eccleston*, No. 14-2092 (10th Cir. June 18, 2014) (unpublished).

On May 9, 2016, Defendant filed the present § 2255 motion, which seeks relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that the residual clause of the Armed Career Criminal Act violates the due process clause of the United States Constitution). [CV Doc. 4; CR Doc. 252]  "A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the Tenth Circuit Court of Appeals] has granted the required authorization."  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam); *see* § 2255(h) (requiring a second or successive motion to "be certified as provided in section 2244 by a panel of the appropriate court of appeals").  A district court may, however, "transfer the matter to [the Tenth Circuit Court of Appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction."  *In re Cline*, 531 F.3d at 1252; *see* 28 U.S.C. § 1631.

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*In re Cline*, 531 F.3d at 1251.

Defendant has until June 26, 2016 to file a § 2255 motion seeking relief under *Johnson* and, therefore, Defendant's claim will not be time barred if filed anew in the proper forum.  *See* § 2255(f)(3) (providing that "[a] 1-year period of limitation shall apply" to § 2255 motions, which shall begin to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"); *Dodd v. United States*, 545 U.S. 353,

3

358-59 (2005) (holding that if the United States Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision in which to file his § 2255 motion").

The Court need not consider the merits of Defendant's § 2255 motion, because the Court concludes that the motion was not filed in good faith.   "[W]hen, as here, a party is aware or should be aware that [his] unauthorized second or successive motion cannot be heard in the district court, transfer may be denied on the basis that the filing was not made in good faith." *United States v. Bradford*, 552 F. App'x 821, 823 (10th Cir. 2014) (unpublished).  In light of Defendant's five prior petitions seeking permission from the Tenth Circuit Court of Appeals to file a second or successive § 2255 motion, Defendant "should have realized that the forum in which he . . . filed [his second or successive claims] was improper."  *Small v. Millyard*, 488 F. App'x 288, 291 (10th Cir. 2012) (unpublished) (quoting *In re Cline*, 531 F.3d at 1252).

Based on the foregoing factors, the Court determines that a transfer to the Tenth Circuit Court of Appeals is not in the interest of justice.  Therefore, Defendant's § 2255 motion will be dismissed without prejudice for lack of jurisdiction.  Because this Court lacks jurisdiction over Defendant's § 2255 motion, a certificate of appealability will be denied and judgment will be entered.

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255 [CV Doc. 4; CR Doc. 252] is DISMISSED without prejudice for lack of jurisdiction;

IT IS FURTHER ORDERED that a certificate of appealability is DENIED; and judgment will be entered.

4

SENIOR UNITED STATES DISTRICT JUDGE